IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HOWARD LESTER HATCHER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No.:  2:19-CV-8053-RDP** |
| ) | **2:10-CR-195-RDP** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

This matter is before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255(f)(3). (Doc. # 1). The motion is fully briefed (Docs. # 1, 8) and ripe for review. For the reasons provided below, the motion is due to be denied.

**I.     Factual and Procedural Background**

On September 30, 2009, Birmingham Police Department ("BPD") Officer Dudley arrested Howard Hatcher ("Petitioner") after he heard gunshots and spotted Petitioner running towards a vehicle with a rifle in his hand. (Doc. # 8-2 at ¶ 4). Despite Petitioner's apology and insistence that he shot the gun in the woods so nobody would get hurt, he was taken into custody for discharging a firearm within city limits. (*Id.*). A search of the vehicle revealed dozens of rounds of ammunition and baggies containing powder cocaine, as well as a rock-like substance believed to be crack cocaine. (*Id.*).

In June 2010, a grand jury issued a one-count indictment charging Petitioner with a violation of 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms, and 18 U.S.C. § 924(e), which enhances the sentence of anyone convicted under § 922(g)(1) to a minimum of fifteen years. Petitioner pled guilty and was sentenced to 180 months imprisonment pursuant to the Armed Career Criminal Act. (Doc. # 8-1 at 2). On December 16, 2019, Petitioner filed the

pending Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 1), arguing that he is actually innocent because the Government did not allege or prove that he knew of his status as a felon as required by *Rehaif v. United States*, a 2019 Supreme Court decision altering the standard for conviction under § 922(g). 139 S. Ct. 2191 (2019).  (Doc. #1 at 2).

## II.     Standard of Review

Section 2255 authorizes a federal prisoner to move the court of conviction to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to dismiss the motion summarily "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his petition fails to state a cognizable claim or amounts. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001). Nor may a § 2255 petition contain only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *Id*.

## III.     Discussion

Under § 922(g)(1), it is unlawful for any person who has been convicted of a felony to possess a firearm or ammunition. Before *Rehaif*, the Government was required to prove only that: (1) the defendant was "previously convicted of an offense punishable by a term of imprisonment exceeding one year," (2) the defendant "knowingly possessed a firearm," and (3) the firearm "was

2

in or affecting interstate commerce." *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008); *see United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir. 2000). In *Rehaif*, the Court extended the knowledge requirement: the Government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm" at the time of possession. 139 S. Ct. at 2200.

Petitioner brings his Motion (Doc. # 1) pursuant to *Rehaif*, arguing that the Government was required (and failed) to establish he had actual knowledge that he was barred from possessing a firearm. In its response (Doc. # 8), the Government argues that Petitioner's Motion is due to be denied because (a) Petitioner is procedurally barred; and, in any event, (b) Petitioner cannot establish "actual innocence" as required by *Bousley v. United States*, 523 U.S. 614 (1998). The court first addresses whether Petitioner's claim is procedurally barred, then turns to the merits of Petitioner's claim.

      **A.**        **Petitioner is Procedurally Barred From Bringing his § 2255 Claim Unless he Meets an Exception Under *Bousley*.**

The Government argues that Petitioner procedurally defaulted on his § 2255 motion because he did not preserve the knowledge-of-status issue at his plea or sentencing hearings, nor did he file an appeal. (Doc. # 8 at 5). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn*, 365 F.3d at 1234; *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). However, the Eleventh Circuit has recognized two exceptions to the procedural default rule. A § 2255 petitioner is procedurally barred if he cannot show cause for not raising the claim of error on direct appeal or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). To establish actual innocence, a

petitioner must show by a preponderance of the evidence that "no reasonable juror would have convicted him in light of the new evidence."[1] *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Here, Petitioner did not object at his plea or sentencing hearings, nor did he file an appeal. (Doc. # 8-4). Consequently, he is procedurally barred from asserting this § 2255 claim unless one of the exceptions laid out in *Bousley* applies.

### B.  Petitioner Does Not Meet Either *Bousley* Exception.

Petitioner does not attempt to show cause or prejudice, arguing only that the second exception applies because he is "actually innocent." (Doc. # 1 at 2-5). Petitioner claims his conviction should be vacated in light of the Supreme Court's decision in *Rehaif* because the Government did not prove that he actually knew he was barred from possessing a firearm. 139 S. Ct. 2191 (2019). His assertion is without merit.

The actual innocence exception allows a habeas petitioner to avoid application of the procedural default bar by showing "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234. Further, the Supreme Court has held that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 615; *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011). To be actually innocent under *Rehaif*, then, Petitioner would have to be unaware that he is a felon. However, "most people convicted of a felony know that they are felons." *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020) (citing *United States v. Miller*, 954 F.3d 551, 559 (2d Cir. 2020)). Moreover, "someone who has been convicted of felonies repeatedly is especially likely to know he is a felon." *Id.* (citing *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019)).

---

[1] Here, Petitioner cites not to new evidence, but to a new standard. The analysis is largely the same. Nevertheless, the court considers whether Petitioner has shown by a preponderance of the evidence that no reasonable juror would have voted to convict if they had been instructed according to the *Rehaif* standard.

Here, Petitioner pleaded guilty and took full responsibility for the act, saying, "I realize and understand what I did, discharging a firearm . . . was wrong. It was stupid of me." (Doc. # 8-4 at 6). At Petitioner's plea hearing, he admitted to knowing he had a prior conviction for robbery. (Doc. # 8-3 at 12). At his sentencing hearing, Petitioner conceded he had three violent felonies that qualified as convictions under the Armed Career Criminal Act pursuant to 18 U.S.C. § 924(e). (Doc. # 8-4 at 3-4). These convictions included: (1) robbery in the second degree; (2) robbery in the first degree; and (3) armed robbery and aggravated assault. (Doc. # 8-2 at 9-11). Ultimately, Petitioner was sentenced by this court to 180 months for his § 922(g) violation. (Doc. # 8-1 at 3).

Petitioner argues that he "lacked independent knowledge … that he fell into one of the categories of persons to whom the offense applies." (Doc. # 1 at 5). This contention conflicts with Petitioner's own admissions that he had three prior violent felony convictions. In sum, based on his own admissions and experiences, Petitioner cannot show (and has not shown) that no reasonable juror would find he was unaware that he belonged to the class of persons prohibited from possessing a firearm. Thus, Petitioner cannot show by a preponderance of the evidence that no reasonable juror would have convicted him had they had they been given the proper jury instruction under *Rehaif*. *Schlup* 513 U.S. at 327-28.

## IV.    Conclusion

For the foregoing reasons, Petitioner's *Rehaif* claim is procedurally barred and is due to be denied. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this September 26, 2022.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE